IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNEST COLLINS,

        Petitioner,

vs.

UNITED STATES PAROLE COMMISSION,

        Respondent.

No. C 20-6051 WHA (PR)

**ORDER OF DISMISSAL**

Petitioner was incarcerated at the Santa Rita County Jail based upon the revocation of his federal parole when he filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed an answer and responded to the order to show cause, arguing that the petition is moot because petitioner has already been released from custody and from parole supervision.

The petition challenged the revocation of parole on the grounds that it violated his rights to due process and to equal protection. When he filed the petition, the United States Parole Commission had not yet revoked the petition, it had only issued a warrant for a parole violation. Thus, petitioner sought release from the warrant and termination of his parole supervision. He has obtained both.

On October 29, 2020, the Parole Commission ordered petitioner' release from the warrant and reinstated him to parole supervision; the following day he was released from custody. Then, on March 17, 2021, the Parole Commission terminated his parole supervision.

As petitioner is not subject either to the parole warrant or parole supervision, he has obtained the only relief he could obtain from the instant petition, and the petition is moot. There is no longer a case or controversy on which this Court can grant relief. *See, e.g., Spencer v. Kemna*, 523 U.S. 1 (1998) (habeas petition challenging parole revocation was moot following petitioner's release because it no longer presented a case or controversy); *Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (habeas petition seeking release on parole was moot where petitioner had already been released on parole and had not challenged the validity of his conviction); *Brady v. U.S. Parole Comm'n*, 600 F.2d 234, 236 (9th Cir. 1979) (same).

For the foregoing reasons, the instant petition is **DISMISSED**. The request to proceed in forma pauperis is **GRANTED**, in light of which the motions for a temporary restraining order pertaining to trust fund documentation are **DENIED** as unnecessary. No certificate of appealability is warranted in this case because a reasonable jurist would not find the dismissal of this petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September  2 , 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE